UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Plan for the Recruitment of Counsel for Indigent Parties
in Certain Civil Cases

Effective June 2017

The objective of the *Plan for the Recruitment of Counsel for Indigent Parties in Certain Civil Cases* (the Plan) is to facilitate the recruitment of pro bono counsel for indigent pro se parties in civil cases when such recruitment has been authorized by a judicial officer.  This Plan applies to the recruitment of counsel in cases such as Section 1983, First Amendment, personal injury, Eighth Amendment, healthcare, employment discrimination, social security, and other civil rights cases, etc.  This plan has been prepared by the Clerk of the Court of the Central District of Illinois with assistance of the Federal Courts Committee of the Peoria County Bar Association.  To register for recruitment on pro bono cases, go to www.ilcd.uscourts.gov to the pro bono section of the site.

I.      Responsibilities of Pro Bono Coordinator

The Chief Deputy Clerk shall be the Court's Pro Bono Coordinator for this program and shall administer the Plan in the manner set forth below.

II.     Responsibilities of Participating Lawyers

All participating lawyers shall be placed on a list, or order of rotation, in alphabetical order by name.  Each participating lawyer pledges to assume responsibility for at least one pro bono appointment at a time, if one is available.  When a participating lawyer concludes a case, he/she shall advise the Pro Bono Coordinator that the matter has been concluded and they are available to accept a new case.

Participation in this Plan is a commitment and recruited counsel agrees that a case will not be declined except on the following grounds:

*   A conflict of interest precludes counsel from accepting the responsibilities of representing the party in the case.
*   The lawyer believes he/she lacks sufficient experience to represent the party in the case.
*   Some personal incompatibility exists between counsel and the party, or a substantial disagreement exists between counsel and the party on litigation strategy.
*   In counsel's opinion, the party is proceeding for the purpose of harassment or to inflict malicious injury.
*   After investigation, counsel determines that the party's claims or defenses are not warranted under existing law and cannot be supported by a good faith argument for extension, modification or reversal of existing law.

**III.    Designation of Cases for Pro Bono Representation and Selection of Counsel**

A.   Whenever a judicial officer determines that there is sufficient cause to exercise the discretionary power of the Court to recruit counsel for an unrepresented indigent party in a civil case, the judicial officer shall issue an order granting the indigent party's request for the pro bono appointment of an attorney.  The order shall be transmitted forthwith to the Pro Bono Coordinator.

B.   The Pro Bono Coordinator will contact participating lawyers not currently handling a case to give them the opportunity to fulfill their pledge to assume responsibility for a case.

C.   If an appointment is declined in accordance with Section II, the Pro Bono Coordinator shall tender the case to another lawyer in the manner set forth above.  Alternatively, the Pro Bono Coordinator may recommend that the judicial officer vacate the order of recruitment.

**IV.    Notification of Appointment**

After representation has been secured in the case, the Pro Bono Coordinator shall immediately send a confirmation letter to recruited counsel.  Counsel should examine the docket sheet for the case on the CM/ECF system to become familiar with the events in the case.  For documents not available on the electronic system, copies will be provided by the Clerk's Office.

**V.    Scope and Duration of Representation**

Representation shall be limited solely to those matters at issue before the Court and may be limited to an issue or issues designated by the judicial officer.  Recruited counsel shall represent the party in the action until final judgment is entered in the action, or the issue or issues designated by the judicial officer have been resolved, unless a judicial officer grants a motion to withdraw.

If the party desires to take an appeal from a final judgment, recruited counsel may assist the party in filing a notice of appeal without being bound to handle the appeal.  In accordance with Section B(3) of the *Plan for the Establishment and Administration of the District Court Fund and Regulations Governing Reimbursement From the District Court Fund,* no expenses associated with an appeal shall be reimbursed from the fund.

**VI. Compensation for Services**

Reimbursement of out-of-pocket expenses shall have a cap of $1,000.00 for recruited attorneys and a $500.00 cap of costs when law school students are recruited.

Within thirty (30) days of the entry of judgment or order of dismissal, recruited counsel may apply for reimbursement from the District Court Fund. A Reimbursement Voucher is attached as Attachment A. Insofar as expenses are not reimbursed by the Court, it is generally anticipated that recruited counsel shall bear the cost of those expenses. Only out-of-pocket expenses may be reimbursed from the District Court Fund. In accordance with the pro bono nature of the representation, no attorney's fees may be reimbursed.

If after recruitment, counsel discovers that the party is able to pay for legal services in whole or in part, the attorney should bring that information to the attention of the judicial officer. Thereupon the judicial officer may (1) approve the entry into a fee agreement between the party and the attorney or (2) relieve the attorney from the responsibilities of the order of appointment and permit the party to retain another attorney or proceed pro se.

S/James E. Shadid

JAMES E. SHADID
United States District Judge

S/Sue E. Myerscough

SUE E. MYERSCOUGH
United States District Judge

S/Sara Darrow

SARA DARROW
United States District Judge

S/Colin S. Bruce

COLIN S. BRUCE
United States District Judge

ATTACHMENT A          UNITED STATES DISTRICT COURT
                      CENTRAL DISTRICT OF ILLINOIS

REQUEST FOR PAYMENT FROM THE DISTRICT COURT FUND
                                         VOUCHER
                                         NUMBER     (DCF)

**PLEASE TYPE OR PRINT WITH BALLPOINT PEN**

Case Title _____ Case Number _____

PRESIDING JUDGE _____

ATTORNEY NAME _____ Business Phone No_____

FIRM OR BUSINESS NAME _____

STREET ADDRESS _____Room Number _____

CITY_____STATE _____ ZIP_____

NAME OF PARTY REPRESENTED _____

_____ITEMIZED EXPENSES_____

**(Please attach documentation for each expense)**
DEPOSITIONS AND TRANSCRIPTS                                    $_____
INVESTIGATIVE, EXPERT OR OTHER SERVICES                        $_____
TRAVEL EXPENSES (_____ miles @  current federal mileage rate) $_____
WITNESS FEES                                                   $_____
INTERPRETER SERVICES; EXPERT WITNESS FEE                       $_____
PHOTOGRAPHS, PHOTOCOPIES, TELEPHONE TOLL CALLS                 $_____
OTHER (Please attach description of expense)                   $_____

                    EXPENSES TOTAL:             $_____

I swear (or affirm) the truth and correctness of the above statements and that each of the listed expenses were, in my best judgment, necessary for the adequate preparation and presentation of the above-named case.  I hereby request reimbursement for the total amount of expenses incurred in the preparation of this case.

Attorney's Signature:_____ Date _____

Approved/Certified                                        Amt Approved/
For Payment  _____ Date_____ Certified  $_____
              Signature of Presiding Judge

For Payments over $l,000 see attached written order.

**FOR OFFICE USE ONLY**
       **AMOUNT REMITTED:   $ _____ CHECK NUMBER_____**
       **CLERK'S SIGNATURE**